## FISHER *v.* JONES COMPANY.

Where two cases were consolidated and tried together, one being the foreclosure of a chattel mortgage and an affidavit of illegality filed thereto, the other a suit on a promissory note secured by the mortgage, and separate verdicts and judgments were rendered in each case, the verdict and judgment in the former case being entered upon the minutes of the court, the verdict and judgment in the latter case not being so entered nor elsewhere recorded, but being in the

clerk's office, a general execution thereafter issued for the amounts recovered in such general judgment will not be considered as issued upon the special judgment which had been entered upon the minutes, and as void because it fatally varied from such judgment, but will be held to have been issued upon the general judgment and to be a valid execution.

Argued January 8, — Decided February 5, 1902.

Affidavit of illegality.   Before Judge Roberts.   Wilcox superior court.     March 27, 1901.

*Eldridge Cutts* and *Hal Lawson*, for plaintiff in error.
*Hardeman, Davis, Turner & Jones*, contra.

Fish, J.   An affidavit of illegality was filed to a general execution in favor of George S. Jones Company against A. K. Fisher. Upon the trial of the case the court overruled the illegality, and the defendant in execution excepted. The grounds of illegality were, that there was no judgment upon which such execution could be legally issued, the only judgment of record being a special judgment that a certain mortgage fi. fa., in favor of the plaintiff against the defendant, should proceed against the mortgaged property, the same being property other than that levied upon under the execution, and because there was a fatal variance between this judgment and the execution.   The bill of exceptions recites, that it appeared at the trial that there had been pending in the court from which the execution issued "two cases in both of which the said George S. Jones Co. was plaintiff and the said A. K. Fisher was the defendant, the one being a mortgage foreclosure on personal property, to which an illegality had been filed, and the other being a suit on the note which was secured by the mortgage sought to be foreclosed in the other case ; that these two suits had been consolidated and tried together as one case at the September term, 1898, of said court; that on the minutes of said September term, 1898, there appeared a verdict in said consolidated case finding 'against the affidavit of illegality and that the mortgage fi. fa. proceed,' and this was accompanied by a judgment duly signed by plaintiff's counsel, which judgment followed said verdict, that is to say that it adjudged that the illegality be overruled and that the mortgage fi. fa. proceed ; that, so far as the records in the clerk's office of Wilcox superior court disclosed, there was no other verdict or judgment rendered between the said parties.   Counsel for the Geo. S. Jones Co. then stated to the court, in his place, that although the two cases had been tried

together, when the then presiding judge (Judge Smith) had directed a verdict for the plaintiff, he had taken separate verdicts and judgments in each case, but admitted that the general verdict and general judgment had not been placed upon the minutes of the court." The general execution was dated August 14, 1899, and recited that the amounts for which it was proceeding had been recovered by the Geo. S. Jones Co. against A. K. Fisher in the superior court of Wilcox county, on Sept. 26, 1898. The judgment of the court upon the present illegality was as follows: "Upon hearing and considering the affidavit of illegality in the above-stated case, and it appearing that at the September term, 1898, of this court there was pending between said parties two cases, one being an affidavit of illegality to the foreclosure of a chattel mortgage, and the other a suit upon a promissory note, and that said cases were consolidated, tried together, that judgments and verdicts were rendered in each, and that the verdict and judgment overruling said affidavit of illegality was placed upon the minutes of the court, but that the verdict and judgment rendered upon said promissory note has not been entered upon the minutes, it is considered, ordered, and directed that said last verdict and judgment be entered upon the minutes nunc pro tunc; and it is further considered, ordered, and adjudged by the court that the affidavit of illegality . . be and the same is overruled on the three grounds contained therein, and that said execution proceed. . . "

Counsel for plaintiff in error contend: " 1. That at the time of the trial the only judgment of file or of record was the judgment of Sept., 1898.   2. That the only general judgment of file or of record in favor of plaintiff below against defendant was the judgment entered nunc pro tunc in March, 1901, being the very judgment herein excepted to.   3. That the execution to which this illegality was interposed issued the 19th day of August, 1899. Consequently it affirmatively appears that the execution was necessarily issued from the judgment of Sept., 1898, and that being a special judgment, there was necessarily a fatal variance between the judgment and execution." We can not agree to the conclusion reached by counsel. The judgment of the court overruling the illegality in the present case recites that it appeared to the court, at the trial, that a *general verdict and judgment had* been rendered in favor of the plaintiff against the defendant at the September term, 1898, of Wil-

cox superior court.   The execution in the record shows that it was issued upon such general judgment, and the only trouble seems to have been that the verdict and judgment upon which it issued were not entered upon the records of the court.   As was held in *Powell* v. *Perry*, 63 *Ga.* 417, " a judgment entered up and signed by counsel on the verdict of a jury need not be spread upon the minutes." Whether the general verdict and judgment had been entered upon the records or not, they must have been in the clerk's office, as he issued the execution thereon, and, as we have already said, the execution followed this general judgment; we think, therefore, there was no error in overruling the illegality.   Of course, the verdict and judgment should have been recorded, but the omission to do so will not render an execution issued upon the judgment illegal.

*Judgment affirmed.    All the Justices concurring.*